NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted October 21, 2010[*]
Decided November 4, 2010

### Before

FRANK H. EASTERBROOK, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

| | |
|---|---|
| No. 10-1419 <br><br> DAVID SHELBY, <br>     *Plaintiff-Appellant,* <br><br> *v.* <br><br> BOB WHITEHOUSE, *et al.,* <br>     *Defendants-Appellees.* | Appeal from the United States District Court for the Southern District of Illinois. <br><br> No. 05-cv-589-MJR <br> Michael J. Reagan, *Judge.* |

### Order

While David Shelby was a prisoner at the Federal Correctional Institution in Greenville, Illinois, a guard found marijuana and barbiturates in a cell that Shelby shared with four other prisoners. Acting under the prison's rules, which make each inmate responsible for all contraband found within his cell, a hearing officer found Shelby guilty of possessing contraband and revoked 40 days of his good-time credits and ordered him to serve 30 days in disciplinary confinement.

Shelby later was transferred to a federal prison in Colorado. While there, he filed a petition for a writ of habeas corpus. A district judge issued the writ, ruling that because the evidence did not reliably establish which of the five prisoners was responsible for bringing the drugs into the cell—or whether any of the other four knew about their presence—the Constitution disallows punishment. *Shelby v. United States*, No. 03-F-1336 (OES) (D. Colo. Aug 1, 2004). Another prisoner had admitted that the drugs were his; the judge thought that the disciplinary officer should have acted on that confession rather than insisting on collective responsibility. The court ordered the Bureau of Prisons to restore the good-time credits. Shelby then filed this *Bivens* action against three

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

persons who had played roles in the imposition of the disciplinary sanctions in Illinois. After a remand for additional proceedings, *Shelby v. Gelios*, No. 07-3113 (7th Cir. June 11, 2008) (nonprecedential disposition), the district judge concluded that the defendants are entitled to qualified immunity, because they acted before it was settled that holding prisoners jointly responsible for contraband violates the Constitution. Until the decision in Colorado, the judge concluded, the defendants were entitled to follow the regulation of the prison in Illinois providing for collective responsibility.

We affirm on a different ground: it has not been established to this day that collective responsibility among prisoners is unconstitutional. We suggested in *Ustrak v. Fairman*, 781 F.2d 573, 575–76 (7th Cir. 1986), and held in *Hamilton v. O'Leary*, 976 F.2d 341 (7th Cir. 1992), that the Constitution allows collective culpability. No later decision in the circuit has held otherwise. The district judge in Colorado had a different view, but none of the defendants was a party to the Colorado litigation, so none is bound by principles of issue or claim preclusion. A decision of a district judge in Colorado does not make law for the Seventh Circuit; indeed, a district judge's decision is not authoritative even within the rendering district, for other judges are free to disagree with it. Qualified immunity would block any effort to establish, as a new principle of law in this circuit, a rule that the Constitution forbids prisoners' joint responsibility for contraband found in shared spaces. Accordingly, the judgment of the district court is affirmed.